**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:09-CV-00091**
**CASE NO.: 1:08-CR-00013-TBR**

**LORNE ARMSTRONG**                                                               **MOVANT/DEFENDANT**

v.

**UNITED STATES OF AMERICA**                                     **RESPONDENT/PLAINTIFF**

**MEMORANDUM**

This Court agrees in full with the Report and Recommendation entered in this case by Judge Goebel. Docket # 60. However, the Defendant raises two new issues in his Objections to the Report and Recommendation. Docket # 63. The first new issue raised is that the language of the plea agreement preserves his right to appeal the sentence. The second new issue raised is that the plea agreement was not knowing and intelligent because the Government has failed to abide by the agreement. The Court has conducted a de novo review.

## I. Preservation of the Right to Appeal

The Defendant first argues that the ineffective assistance of counsel analysis performed by Judge Goebel is incorrect as a matter of law because the plea agreement preserved his right of appeal. The plea agreement states:

> "12. Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The Defendant knowingly and voluntarily waives the right to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742 provided, however, that the sentence imposed is within the applicable advisory guideline range, and (b) to contest or

collaterally attack his conviction and the resulting sentence pursuant to 28 U.S.C § 2255 or for any other reason..."

Plea agreement, Docket # 15. It is uncontested that the sentencing guidelines recommended a range of 46-57 months and that the Defendant was sentenced to 60 months. Accordingly, under the terms of the plea agreement, the Defendant did have a right to a **direct** appeal and was so advised by this Court. Court's Advice of Right to Appeal as to Lorne Lynn Armstrong, Docket # 18; Official Transcript of Sentencing as to Lorne Lynn Armstrong, Docket # 54, pg. 6. Nothing in the plea agreement preserved the Defendant's right to collaterally attack his sentence if he decided to forgo a direct appeal, and as such the Defendant's first argument is without merit.

## II. Failure of the Prosecution to Abide by the Plea Agreement

The Defendant next contends that the Prosecution has failed to abide by the plea agreement. The Defendant claims that the agreement required that the federal sentence run concurrently to any state sentence and that the Defendant serve his time in a federal facility. Because the Defendant is currently in a Kentucky State facility and allegedly serving consecutive sentences, the Defendant claims that the Prosecution has failed to abide by the plea agreement. Because the Prosecution has failed to abide by the agreement, the Defendant claims that his agreement was not knowing and intelligent and that the agreement is void.

This Court has carefully reviewed the Plea Agreement, the Change of Plea transcript, and the Sentencing transcript. Docket # 15, 53, 54. None of these offer any evidence of an agreement for the State and Federal terms to run concurrently, nor for the Defendant to be confined to a federal facility. Paragraph 18 of the plea agreement does include a full integration clause, and, as the Defendant points out, this Court is bound by contract principles for plea agreements. *United States*

*v. Wells*, 211 F.3d 988, 995.  Similar to Wells, the "agreement could not be any more clear that it is the "complete and only Plea Agreement" between the government and [Armstrong,]" and plainly states that "the agreement cannot be modified other than in writing that is signed by all parties or on the record in Court." *Ibid.*; Docket # 15.  Since the Plea Agreement and the records of this Court contain no indication of the promises claimed by the Defendant, there is no merit to the argument that the Prosecution has breached the plea agreement.

There is, however, some evidence that the Prosecution currently agrees that the State and Federal sentences should be served concurrently.  July 2, 2009 Letter from Mr. Wendelsdorf to Mr. Armstrong, Docket # 63, Exhibit 2, pg 2.  If the parties have agreed, this Court is open to a motion to amend the sentence to reflect such agreement.